**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY HARRIS,
     Petitioner,                 Civil No. 2:07-CV-14139
                                  HONORABLE NANCY G. EDMUNDS
v.                            UNITED STATES DISTRICT JUDGE

LINDA METRISH,

     Respondent,
_____/

<u>OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS</u>

     Jeffrey Harris, ("petitioner"), presently confined at the Muskegon

Correctional Facility in Muskegon, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges his conviction for felon in possession of a firearm, M.C.L.A. 750.224f;

possession of a firearm during the commission of a felony [felony-firearm],

M.C.L.A. 750.227b; maintaining a drug house, M.C.L.A. 333.7405(1)(d); domestic

violence, M.C.L.A. 750.81; possession of marijuana, M.C.L.A. 333.7403(2)(d);

and being a fourth felony habitual offender, M.C.L.A. 769.12.  For the reasons

stated below, petitioner's application for writ of habeas corpus is **DENIED.**

**I.  Background**

     Petitioner was convicted of the above offenses following a jury trial in the

Genesee County Circuit Court.  This Court recites verbatim the relevant facts

regarding petitioner's conviction from the Michigan Court of Appeals' opinion

affirming his conviction, which are presumed correct on habeas review. *See Long*

*v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Defendant's convictions arise from allegations that, in June 2003, he was maintaining a drug house while living with, and physically abusing, his "significantly older" girlfriend, Juanita Briggs. In November 2002, defendant, age forty at the time of trial, moved into a Mount Morris Township ranch-style house that sixty-four-year-old Briggs was renting. Theresa Lafitte, the landlord, indicated that she grew weary of defendant's actions and treatment of Briggs and, on June 2, 2003, served an eviction notice for defendant to move. Eventually, Lafitte, who indicated that defendant threatened both her and Briggs, called 911. When the police arrived, Briggs, who police officers described as scared and crying, was sitting on the porch. Briggs went away from the house, and quietly said to an officer, "get me out of here. He's going to kill me." The police then went in the house and requested that defendant come out. The officers did not immediately see defendant, but eventually met him coming upstairs from the basement. Defendant was arrested. [1]

> In a statement to police, Briggs indicated that she had an intimate relationship with defendant that had turned violent. Briggs told the police, and testified at trial, that defendant was involved in drug trafficking and owned a black handgun, which he had pointed at her and "dry fired" on occasions. She explained that defendant did not sell drugs out of the house, but brought crack cocaine and marijuana into the house, took it in the basement, and cut it into smaller quantities to sell. She told the police the general location of defendant's gun, and indicated that defendant hid his drugs and money in vacuum cleaner bags, which he kept in a small bedroom in the basement.

> Upon searching the basement, the police found a loaded nine-millimeter handgun in a white plastic bag hidden in the bottom of a dryer. The handgun, which Briggs identified as belonging to defendant, had a bullet in the chamber and an additional bullet clip attached to the holster. The police also found a box of 180 sandwich baggies, and $350 hidden in a vacuum cleaner bag. On the main floor,

---

[1] The police described defendant as aggressive, belligerent, "out of control," and screaming that Briggs was "hit." (footnote original).

the police found a bag of marijuana in one of Briggs' shirt pockets, and a box of nine-millimeter, hollow-point bullets. Briggs told the police that the marijuana belonged to defendant, and that she did not use drugs. At that time, Briggs offered to have her blood tested for drugs.

Defendant testified on his own behalf, and also presented defense witnesses. Defendant claimed that he stayed at Briggs' house for a "few nights." He admitted that he smoked marijuana at the house with Mark Murray and, on one occasion, "smacked" Briggs. He denied that he ever sold drugs, threatened Lafitte and Briggs, or owned either the gun or marijuana found in the house. Defendant maintained that Briggs and others wanted "to get [him] out of the way" because Briggs' "lesbian lover" had come into town.

Michael Partridge testified that Briggs had told him that she was going to "get rid" of defendant. On one occasion, Partridge saw that one of Briggs' eyes "was messed up," and Briggs said that she had run into a tree. Partridge indicated that he has "never" known Briggs to use drugs. Murray testified that he visited defendant at the house twenty to forty times, and never saw defendant with a gun or cocaine, or physically abuse Briggs. He admitted that he smoked marijuana with defendant, and that others also "came by" to smoke marijuana. Murray saw Briggs "hit a joint once or twice," but indicated that she was "not a serious smoker."

*People v. Harris,* No. 255723, * 1-2 (Mich.Ct.App. September 27, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 1094 (2006). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Harris,* No. 03-12201-FH (Genesee County Circuit Court, September 25, 2006). The Michigan appellate courts denied petitioner leave to appeal. *People v. Harris,* No. 273785 (Mich.Ct.App. May 3, 2007); *lv. den.* 480 Mich. 857 (2007).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was deprived of his constitutional right to due process of

3

law and his right to a fair trial, under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the evidence was insufficient for guilt on the maintaining a drug house charge and possession of marijuana.

II. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial, under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the trial court reversibly erred when it admitted evidence of prior convictions of Petitioner and other key defense witnesses.

III. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial, under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the trial court sentenced Petitioner to a term of 58 months to 20 years on the habitual offender 4th supplement arising out of the possession of a firearm by an ineligible felon conviction and to a prison term of 34 months to ten years on the habitual offender 4th supplement arising out of the maintaining a drug house conviction.

IV. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the evidence was insufficient to support the convictions for felony firearm and possession of a firearm by a felon.

V. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the trial court reversibly erred by denying Petitioner any jail credits.

VI. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial under the U.S. Constitutional Amendments V, VI, XIV, where the Court of Appeals failed to grant his motion for a remand for an evidentiary hearing based on ineffective assistance of counsel.

VII. Petitioner was deprived of his constitutional right to due process of law and his right to a fair trial under the U.S. Constitutional Amendments V, VI, XIV; Michigan Constitution 1963, Article 1, Sect 17,

4

Sect 20; where he was deprived of his right to the effective assistance of trial counsel, where counsel failed to request an evidentiary hearing, file a motion for a directed verdict of acquittal, where counsel failed to move for the suppression of illegally obtained evidence; where counsel failed to interview Petitioner and defense witnesses, Mark Murray, prior to putting them on the stand, where their testimony significantly helped the prosecution establish the charge of maintaining a drug house, and where trial counsel's performance fell below an objective standard of reasonableness, but for counsel's serious acts and omission, there was a reasonable probability for a different outcome.

VIII. Petitioner was deprived of his constitutional right to due process of law and his right to an adequate appeal, under U.S. Constitutional Amendments VI, XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20; where Petitioner was deprived of his right to the effective assistance of appellate counsel on his direct appeal, where appellate counsel failed to raise and preserve obvious and significant issues on appeal; where appellate counsel failed to raise and argue trial counsel's ineffectiveness.

IX. Petitioner was deprived of his constitutional right to due process of law under U.S. Constitutional Amendments XIV; Michigan Constitution 1963, Article 1, Sect 17, Sect 20, where the trial court abused its discretion in denying Petitioner's motion for relief from judgment based on MCR 6.508(D)(2), where Petitioner was not barred from raising the claims in the post-appeal proceeding.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an

5

unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

### A.  Claims # 1, 3, 5, 6, 7, and 8.  The procedurally defaulted claims.

The Court will discuss petitioner's procedurally defaulted claims together

for judicial clarity.  Respondent contends that a portion of petitioner's first claim,

as well as his third, fifth, sixth, seventh, and eighth claims, are procedurally

defaulted for various reasons.

Respondent first contends that the portion of petitioner's first claim which

challenged the sufficiency of evidence for maintaining a drug house, his third,

fifth, and sixth claims, and the majority of his seventh claim, other than the

subclaims that counsel was ineffective for failing to move for the suppression of

6

the evidence and failed to adequately prepare petitioner and his witnesses for cross-examination (See *infra*), are procedurally defaulted because petitioner failed to exhaust these claims by including these claims in his application for leave to appeal that he filed with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

In the present case, petitioner raised these claims in his direct appeal to the Michigan Court of Appeals. However, a review of the application for leave to appeal that petitioner filed with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals shows that petitioner never raised any of these claims in his application for leave to appeal to the Michigan Supreme Court. [2] By failing to seek discretionary review of these claims in the Michigan Supreme Court, petitioner has procedurally defaulted these claims. *Harris,* 157 F. Supp. 2d at 750.

Respondent contends that the remainder of petitioner's seventh ineffective

---

[2] *See* This Court's Dkt. Entries # 10-25, 10-26.

assistance of counsel claim involving allegations that counsel was ineffective for failing to move for the suppression of the evidence and failed to adequately prepare petitioner and his witnesses for cross-examination by the prosecution is procedurally defaulted, because petitioner raised these subclaims for the first time in his post-conviction motion and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to have raised these claims in his appeal of right.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

As an initial matter, petitioner initially raised these two ineffective assistance of counsel claims for the first time as "new issues" before the Michigan Supreme Court in his application for leave to appeal from his appeal of right before the Michigan Court of Appeals.  As petitioner acknowledges, this would be insufficient to exhaust these two ineffective assistance of counsel claims for purposes of habeas review.  Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Because petitioner failed to present these two

8

ineffective assistance of counsel claims in his appeal of right with the Michigan

Court of Appeals, his subsequent presentation of theses claims to the Michigan

Supreme Court did not satisfy the exhaustion requirement for habeas purposes.

*See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001);

*Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich.

1977).

Petitioner subsequently raised these two ineffective assistance of counsel

claims in his post-conviction motion for relief from judgment.  The trial court

rejected petitioner's claims denied petitioner's claims pursuant to M.C.R.

6.508(D)(2), on the ground that petitioner had already raised these claims in his

direct appeal. *See People v. Harris,* No. 03-12201-FH, * 4-5 (Genesee County

Circuit Court, September 25, 2006).  The Michigan appellate courts denied

petitioner leave to appeal "for failure to meet the burden of establishing

entitlement to relief under MCR 6.508(D)." *People v. Harris,* No. 273785

(Mich.Ct.App. May 3, 2007); *lv. den.* 480 Mich. 857 (2007).

The question for this Court is whether petitioner's remaining ineffective

assistance of counsel claims should be procedurally defaulted on the basis of

M.C.R. 6.508(D)(3), in light of the fact that the trial court initially denied

petitioner's post-conviction claims pursuant to M.C.R. 6.508(D)(2) and the

Michigan appellate courts subsequently denied petitioner's claims pursuant to

M.C.R. 6.508(D) without indicating which subsection that they were denying

9

petitioner post-conviction relief under.

M.C.R. 6.508(D)(2) indicates that a court in Michigan should not grant post-conviction relief if the post-conviction motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[;]"  M.C.R. 6.508(D)(2) is essentially a *res judicata* or law of the case rule, which prevents the relitigation of claims in a post-conviction motion which have already been decided adversely against a defendant in a prior appeal.

M.C.R. 6.508(D)(2), however, would not bar petitioner's claims that were raised for the first time in the Michigan Supreme Court, because those claims were not decided on the merits.  The Michigan Supreme Court has indicated that a denial of leave to appeal by that court is merely a discretionary decision to decline to hear a case, and thus does not constitute a ruling on the merits of any claims raised in the application. *See Valentino v. Oakland County Sheriff*, 424 Mich. 310, 322 n. 8; 381 N.W.2d 397 (1986).  Therefore, a denial of leave to appeal by the Michigan Supreme Court has no *res judicata* or law of the case effect. *See Grievance Admin. v. Lopatin*, 462 Mich. 235, 260; 612 N.W.2d 120 (2000).  M.C.R. 6.508(D)(2) does not bar post-conviction review of claims that were raised for the first time in a direct appeal to the Michigan Supreme Court where the Supreme Court has denied the application for leave to appeal,

10

because "a denial of leave to appeal by the Supreme Court, without explanation, is generally not considered a decision on the merits and is not precedentially binding." *See Lamb v. Jones,* No. 2005 WL 1378762, * 2-3 (E.D. Mich. June 2, 2005)( *citing and quoting People v. Shook,* No. 2002 WL 31379664, * 2 (Mich.Ct. App. October 22, 2002)).

In the present case, the trial court erroneously invoked the provisions of M.C.R. 6.508(D)(2) to deny petitioner's post-conviction claims, in light of the fact that he had only presented these claims in his application for leave to appeal to the Michigan Supreme Court on direct appeal and that court denied petitioner's application for leave to appeal without explanation.

The trial court's erroneous invocation of 6.508(D)(2) to deny petitioner post-conviction relief, however, does not preclude a finding that petitioner's remaining ineffective assistance of counsel claims are procedurally defaulted pursuant to 6.508(D)(3) for several reasons. First, in his ninth claim, petitioner contends that the trial court erred in denying his post-conviction claims pursuant to M.C.R. 6.508(D)(2). In his eighth claim, petitioner alleges that appellate counsel was ineffective for failing to raise his remaining ineffective assistance of trial counsel claims on his direct appeal in order to establish cause for failing to raise these claims on his direct appeal, as required by M.C.R. 6.508(D)(3). Moreover, in his post-conviction applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, petitioner argued to the

11

Michigan appellate courts that the trial court incorrectly rejected what now make up petitioner's remaining ineffective assistance of counsel claims on the mistaken assumption that they had been raised on petitioner's direct appeal, when they were, in fact, being raised for the first time on petitioner's post-conviction motion. Petitioner further argued that appellate counsel was ineffective for failing to raise his remaining ineffective assistance of trial counsel claims on his direct appeal in order to establish cause, as required by 6.508(D)(3), for failing to present these claims on his direct appeal. [3] Finally, the Michigan appellate courts denied petitioner's post-conviction appeal pursuant to 6.508(D), after having been apprised by petitioner in his post-conviction appeals that these claims had not been raised on his appeal of right.

In light of the fact that petitioner concedes in his habeas petition that his remaining ineffective assistance of counsel claims had not been properly exhausted before the Michigan appellate courts on direct review, as well as the fact that petitioner brought up the fact before the Michigan courts in his post-conviction pleadings that these remaining ineffective assistance of counsel claims had not previously been raised before on direct review so as to persuade them to grant him post-conviction relief, the trial court's erroneous invocation of 6.508(D)(2) to deny petitioner's post-conviction motion would not prevent this Court from procedurally defaulting petitioner's remaining ineffective assistance of

_____

[3] *See* This Court's Dkt. ## 10-27, 10-28.

12

trial counsel claims based on petitioner's failure to comply with the provisions of

M.C.R. 6.508(D)(3). *See Hicks v. Straub,* 377 F. 3d 538, 552, n. 14 (6th Cir.

2004).  Furthermore, the Michigan appellate courts' invocation of 6.508(D) to

deny petitioner post-conviction relief was sufficient, under these circumstances,

to constitute a procedural default of petitioner's claims pursuant to 6.508(D)(3).

*Id.* at 557 *(citing Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002);

*Simpson v. Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000)).

When the state courts clearly and expressly rely on a valid state

procedural bar, federal habeas review is also barred unless petitioner can

demonstrate "cause" for the default and actual prejudice as a result of the

alleged constitutional violation, or can demonstrate that failure to consider the

claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his

procedural default, it is unnecessary for the court to reach the prejudice issue.

*Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case,

where a constitutional error has probably resulted in the conviction of one who is

actually innocent, a federal court may consider the constitutional claims

presented even in the absence of a showing of cause for procedural default.

*Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a

claim of innocence requires a petitioner to support the allegations of

constitutional error with new reliable evidence that was not presented at trial.

13

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

With respect to the claims that were procedurally defaulted because petitioner failed to raise them before the Michigan Supreme Court in his application for leave to appeal, petitioner has offered no excuse for his failure to raise these claims in his application for leave to appeal.  The fact that petitioner had to represent himself on his discretionary appeal with the Michigan Supreme Court would not excuse the default.  A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).  In a criminal proceeding in which a habeas petitioner does not have a constitutional right to counsel, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *See Coleman*, 501 U.S. at 752-53.  Because petitioner had no constitutional right to the effective assistance of counsel in filing an application for leave to appeal with the Michigan Supreme Court, the fact that petitioner did not have appellate counsel to help him file an application for leave to appeal would not establish the "cause" required to overcome the procedural default of petitioner's claims which he raised on his direct appeal with the Michigan Court of Appeals, but failed to raise in the Michigan Supreme Court. *See Harris v. Stegall,* 157 F. Supp. 2d at 750.  In addition, a habeas petitioner's *pro se* status

14

and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley,* 49 F. 3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).

With respect to the portion of his seventh claim that petitioner raised only for the first time in his post-conviction motion, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal

15

are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536(*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the portion of his seventh claim that trial counsel was ineffective for failing to move for the suppression of the evidence and for failing to adequately prepare petitioner and his witnesses for cross-examination. Appellate counsel filed a thirty four page brief on appeal, in which he raised what now make up petitioner's first three claims. Appellate counsel subsequently filed a twelve page supplemental brief on appeal, in which he raised what now make up petitioner's fourth and fifth claims. Appellate counsel also filed a motion to

16

remand to the trial court for a *Ginther* hearing on the five ineffective assistance of counsel claims which were raised on petitioner's direct appeal.  Appellate counsel also filed a supplemental authority with respect to the sentencing guidelines claim. [4]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Michigan Attorney General in their answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise his remaining claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000); *Meade,* 265 F. Supp. 2d at 872.

Finally, to the extent that petitioner is raising his ineffective assistance of appellate counsel claim as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus.  First, as mentioned above, petitioner has failed to show that appellate counsel was deficient in failing to present the omitted claims on his appeal of right.

Moreover, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise these claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan trial and

---

[4]  *See* This Court's Dkt. # # 10-23, 10-24.

appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000).  The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise the portion of his seventh claim that trial counsel was ineffective for failing to move for the suppression of the evidence and for failing to adequately prepare petitioner and his witnesses for cross-examination on petitioner's appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943.

In the present case, petitioner has offered no reasons for the Court to excuse the default of his claims.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.  Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. Petitioner's sufficiency of evidence claims are insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review his claims on the merits. *Pearl v. Cason,* 219 F. Supp. 2d 820, 828 (E.D. Mich. 2002).

18

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *Terry v. Bock,* 208 F. Supp. 2d 780, 793 (E.D. Mich. 2002).  For the reasons stated by the Michigan Court of Appeals in their decision affirming petitioner's conviction and by the Genesee County Circuit Court judge in denying petitioner's post-conviction motion, petitioner has failed to show that his claims have any merit.  Petitioner's third, fifth, sixth, seventh, and eighth claims, as well as the portion of his first claim which challenged the sufficiency of evidence regarding maintaining a drug house are barred by procedural default and do not warrant relief.

### B.  Claims # 1 and # 4.  The sufficiency of evidence claims.

The Court will discuss petitioner's two sufficiency of evidence claims together.  In the undefaulted portion of his first claim, petitioner contends that there was insufficient evidence to convict him of possession of marijuana.  In his fourth claim, petitioner contends that there was insufficient evidence to convict him of being a felon in possession of a firearm and felony-firearm.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

19

essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  A habeas court does not substitute its own judgment for that of the finder of fact. *See Crenshaw v. Renico,* 261 F. Supp. 2d 826, 832 (E.D. Mich. 2003).

In order to convict a defendant under Michigan law of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins,* 356 F. 3d 688, 708 (6th Cir. 2004)(*citing People v. Konrad,* 449 Mich. 263, 536 N.W.2d 517, 521 (1995))(additional citations omitted).

The elements of felon in possession of a firearm in Michigan are (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See Parker v. Renico,* 450 F. Supp. 2d 727, 732 (E.D. Mich. 2006).

Under Michigan law, the elements of felony-firearm are that the defendant

20

possessed a firearm during the commission of, or an attempt to commit, a felony offense. *See Payne v. Smith,* 207 F. Supp. 2d 627, 642 (E.D. Mich. 2002).

In the present case, petitioner contends that there was insufficient evidence to convict him of possessing the marijuana and the firearm recovered from the home.

Under Michigan law, a defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing it. *People v. Wolfe,* 440 Mich. 508, 519-20; 441 N.W. 2d 1201 (1992).  Possession of a controlled substance may be actual or constructive. *Id.* "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id.* at 521.  Constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee,* 268 Mich. App. 600, 623; 709 N.W.2d 595 (2005).

Likewise, possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. *See People v. Hill*, 433 Mich. 464, 469; 446 N.W. 2d 140 (1989).  A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71.

When viewing the totality of the circumstances in this case, a rational trier of fact could conclude that petitioner was in constructive possession of the marijuana recovered from his house.  Briggs testified that petitioner brought

21

drugs into the house and that the marijuana in her shirt belonged to petitioner.

Briggs offered to take a blood test to prove that she did not use marijuana.

Petitioner and several defense witnesses acknowledged at trial that petitioner

smoked marijuana.  Several witnesses testified that they did not know Briggs to

use marijuana. *Harris,* Slip. Op. at * 4.  The Michigan Court of Appeals' decision

that there was sufficient evidence to maintain a conviction against petitioner for

possession of marijuana on a constructive possession theory was objectively

reasonable, thus defeating petitioner's claim for habeas relief. *See Hurtado v.*

*Tucker,* 245 F. 3d 7, 18-20 (1st Cir. 2001).

There was likewise sufficient evidence for a rational trier of fact to

conclude that petitioner constructively possessed the firearm recovered from the

home to support his convictions for felon in possession of a firearm and felony-

firearm.  As the Michigan Court of Appeals noted, testimony at trial established

that petitioner lived in the house for several months, kept drugs, money, and a

black handgun in the basement, and had pointed and "dry fired" the gun at

Briggs on several occasions.  Petitioner also admitted that he kept furnishings in

the basement, where the gun was found.  When the police entered the house

and requested that petitioner come out, they did not immediately see him.

Instead, they eventually apprehended petitioner coming from the basement,

where the loaded handgun was subsequently discovered, concealed in a white

plastic bag, hidden in the bottom of a dryer.  From this evidence, a jury could

reasonably infer that petitioner hid the weapon in the basement and, therefore, he knew its location and it was reasonably accessible to him. *Harris,* Slip. Op. at * 9.

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that petitioner constructively possessed the firearm found in the house, the Michigan courts' conclusion that there was sufficient evidence to convict petitioner of felon in possession of a firearm and felony-firearm was not unreasonable, thus precluding habeas relief for petitioner. *Cf. Grace v. Artuz,* 258 F. Supp. 2d 162, 175 (E.D.N.Y. 2003)(state court's determination that petitioner was not denied effective assistance of counsel due to appellate counsel's failure to challenge sufficiency of evidence supporting his convictions on drug and weapons charges did not warrant federal habeas relief, even though state relied wholly on circumstantial evidence to support its theory that petitioner constructively possessed evidence seized, in light of evidence that drugs, money and gun were found in the bedroom of an apartment in which petitioner lived with his mother until at least five months prior to search).

Finally, to the extent that petitioner challenges the credibility of the witnesses, he would not be entitled to habeas relief.  Determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review. *See Crenshaw,* 261 F. Supp. 2d at 832.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and

23

not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*  Petitioner is not entitled to habeas relief on his first or fourth claims.

### C.  Claim # 2.  The admission of the prior convictions.

In his second claim, petitioner contends that he was deprived of a fair trial when the trial court permitted the prosecutor to elicit evidence of his and his defense witnesses' prior convictions, in violation of MRE 609.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's challenge to the state trial court's decision to allow the prosecutor to use petitioner's and his defense witnesses' prior convictions for impeachment purposes is not cognizable on habeas review, because it does not present a constitutional issue. *See Peoples v. Fulcomer,* 731 F. Supp. 1242,

24

1244 (E.D. Pa. 1990).  This Court concludes that the prosecutor's impeachment of petitioner and his defense witnesses with evidence of their prior convictions did not render the trial so unfair as to warrant federal habeas relief. *See Shacks v. Tessmer,* 9 Fed. Appx. 344, 353 (6th Cir. 2001).  Petitioner is not entitled to relief on this claim.

### D.  Claim # 9.  The post-conviction infirmities claim.

In his final claim, petitioner contends that the trial court erred in using M.C.R. 6.508(D)(2) to deny him post-conviction relief on his claims.

Petitioner's claim that the Michigan courts wrongfully denied him post-conviction relief is non-cognizable.  This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007).  Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001).  The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.*  Petitioner is not entitled to relief on his ninth claim.

### E.  The motion to amend the petition.

On February 24, 2009, petitioner signed and dated a motion for leave to file amended pleadings, in which he seeks to add a claim that the trial court erred in refusing to instruct the jurors on mere presence as a defense to the

25

2:07-cv-14139-NGE-CEB   Doc # 15   Filed 05/11/09   Pg 26 of 29   Pg ID 1199

crimes.

Petitioner does not appear to have exhausted this claim with the state courts. Unfortunately, petitioner no longer has any available state court remedies with which to exhaust this claim. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner therefore has no remaining state court remedies with which to exhaust this claim. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah*, 49 F. 3d at 1195-96. A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

In the present case, petitioner has offered this Court no reasons for his failure to present this claim to the Michigan courts either on direct review or in his post-conviction motion. Petitioner has failed to establish cause to excuse his default. In addition, for the reasons previously mentioned by the Court, petitioner has failed to offer any new evidence that would establish his actual innocence of these crimes.

Because petitioner's instructional error claim is procedurally defaulted due to the fact that it is unexhausted and petitioner has no available remedies with which to exhaust this claim, it would be futile to allow petitioner to amend his habeas petition to add this defaulted claim. Accordingly, the Court will deny petitioner's motion to amend his habeas petition. *See Wiedbrauk v. Lavigne,* 174 Fed.Appx. 993, 1001 (6th Cir. 2006).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be

27

taken, if the petitioner shows that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right,

and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling. *Id.* at 484.  When a plain procedural bar is

present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petition should be allowed to proceed further.

In such a circumstance, no appeal would be warranted. *Id.*  A federal district

court may grant or deny a certificate of appealability when the court issues a

ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th

Cir. 2002).  A district court therefore has the power to deny a certificate of

appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d at 658.

For the reasons stated in this opinion, the Court will deny petitioner a

certificate of appealability because he has failed to make a substantial showing

of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.  The

Court will also deny petitioner leave to appeal *in forma pauperis*, because the

appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of

habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal
*in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 11, 2009

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on May 11, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager